PER CURIAM.
The trial court determined that the appel-lees/borrowers were entitled to summary judgment on the ground that there were in *884 fact violations of the Federal Truth in Lending Act in the required credit disclosure statements furnished by appellant/lender. See Federal Truth in Lending Act, 15 U.S.C.A. § 1601 et seq. (West 1982 & Supp. 1995) (TILA). While five specific TILA violations were alleged by appellees, the trial court affirmatively refused to specify what violations it found in the documents. Our review is hampered by this failure.
One of the TILA violations alleged was the exclusion of the Florida intangible tax from the finance charge. Since the entry of the summary judgment, our court has decided Pignato v. Great Western Bank, 664 So.2d 1011 (Fla. 4th DCA 1995), reh’g, reh’g en banc and certified questions denied, 1/10/96, (jurisdiction pending Fla. no. 87,335), in which we held that the Florida intangible tax is excludable from the finance charge under TILA so long as the creditor itemizes and discloses the intangible tax to the customer. As the trial court seems to have relied on the contrary decision of Rodash v. AIB Mortgage Co., 16 F.3d 1142 (11th Cir.1994), we reverse and remand. As to the other violations alleged, we find that there are material issues of fact and law remaining. Moore v. Morris, 475 So.2d 666 (Fla.1985). We elaborate no further as the trial court did not determine which matters it considered to be TILA violations.
Reversed and remanded.
GUNTHER, C. J., and WARNER and FARMER, JJ., concur.